IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DWAYNE ANDERSON, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 12-2285-STA/cgc |
| BILL OLDHAM, | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION FOR RECUSAL
(DOCKET ENTRY 9)
ORDER DENYING MOTION TO STAY STATE CRIMINAL COURT PROCEEDINGS
(DOCKET ENTRY 3)
ORDER DENYING MOTION TO CONVENE A SPECIAL GRAND JURY
(DOCKET ENTRY 4)
ORDER DENYING MOTION FOR A RESTRAINING ORDER
(DOCKET ENTRY 7)
ORDER DENYING MOTION TO BE RELEASED ON RECOGNIZANCE
(DOCKET ENTRY 8)
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On April 11, 2012, Petitioner Dwayne Anderson, booking number 11102321, a detainee at the Shelby County Criminal Justice Complex ("Jail"), filed a habeas petition under 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) On April 17, 2012, the Court entered an order granting Petitioner's application to proceed in forma pauperis because his trust fund account balance was less than twenty-five dollars ($25.00). (D.E. 6.) It is ordered that the Clerk shall file the petition and record the respondent as Bill Oldham. The Clerk shall not issue any process.

On May 25, 2012, Petitioner Anderson filed a motion for recusal of the undersigned judge. (D.E. 9.) Anderson contends that

because the Court presided over an unrelated federal civil matter, Anderson v. Cricket Communications, Inc., No. 11-2004-STA-cgc (W.D. Tenn. Sept. 26, 2011), "partiality" is established. (D.E. 9 at 2.)

Plaintiff seeks recusal pursuant to 28 U.S.C. § 455(b). Twenty-eight U.S.C. § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Whether he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse . . . :

    (i) Is a party in the proceeding . . . . ;

    (ii) Is acting as a lawyer in the proceeding;

    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

A judge must recuse himself if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Id. (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read in pari materia to require that disqualification must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Story, 716 F.2d at 1096.[1] "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky, 510 U.S. at 540.

3

a reasonable person to question the neutrality of the judge." United States v. Adams, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

The Court's judicial rulings in an unrelated civil case do not constitute the extrajudicial bias that requires a recusal. The motion for recusal (D.E. 9) is DENIED.

Anderson was recently convicted in Shelby County Criminal Court of unspecified charges. He was awaiting sentencing at the time he filed this petition. Anderson contends that his right to due process was violated by numerous pre-trial rulings by the state court judge and Tennessee's appellate courts. He seeks to overturn his conviction in Shelby County Criminal Court and immediate release from imprisonment.

On April 11, 2012, Petitioner filed a motion to stay his criminal court proceedings. (D.E. 3.) The Anti-Injunction Act, 28 U.S.C. § 2283, provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Anti-Injunction Act specifically prohibits this Court from issuing an injunction in Anderson's state criminal cases. The motion to stay criminal court proceedings (D.E. 3) is DENIED.

Petitioner Anderson submitted his allegations on the form "Petition Under 28 U.S.C. § 2254." Section 2254 is inapplicable to Anderson's claims because he is not yet in custody "pursuant to the

judgment of a State court." 28 U.S.C. § 2254(b)(1). Anderson has not yet been sentenced and has no judgment of conviction. The petition contains numerous complaints that Petitioner's pending criminal proceedings are deficient. Consideration of this habeas petition would interfere with his ongoing state criminal proceedings. See generally Ex Parte Royall, 117 U.S. 241 (1886).

The Court construes Petitioner's claims as a petition for habeas corpus under 28 U.S.C. § 2241, which affords a remedy for pre-trial detainees. For a state prisoner who challenges "the very fact or duration of his physical imprisonment and [who] seeks . . . immediate release or a speedier release from that imprisonment, [the] sole federal remedy is a writ of habeas corpus." Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985)(quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Twenty-eight U.S.C. § 2241 affords a remedy under limited circumstances for state pre-trial detainees, but not under the circumstances alleged by this Petitioner. See Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484 (1973). See also Norton v. Parke, 892 F.2d 476, 478 n.5 (6th Cir. 1989); Atkins v. State of Mich., 644 F.2d 543, 546 & n.1 (6th Cir. 1981). Braden does not permit a prisoner to circumvent state remedies or the state criminal process by resolving in a federal habeas forum issues or defenses that should first be presented to a state court in defense of a pending prosecution. Norton, 892 F.2d at 479 n.6; Atkins, 644 F.2d at 546-47. At the very least, the "federal court should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved

5

either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson v. State of La., 816 F.2d 220, 225 (5th Cir. 1987).

In this case, the Petitioner has not exhausted his state remedies. Indeed, he has not yet been sentenced. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claims by any available state procedure. Preiser, 411 U.S. at 494-95. To exhaust his state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Dickerson, 816 F.2d at 228. Cf. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(holding that exhaustion requirement mandates presentation of all claims to state court through discretionary review process). Petitioner has the continuing right to assert any claims or defenses in the state trial court and on direct appeal from any final judgment of conviction.

Accordingly, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition for writ of habeas corpus is DENIED. The motions to convene a special grand jury (D.E. 4), for a restraining order (D.E. 7), and to be released on recognizance (D.E. 8) are DENIED as MOOT.

The Court must also decide whether Petitioner is entitled to a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c)(1)(A), "an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner obtains a certificate of appealability. Pursuant to § 2253(c)(2), a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Although "this obviously does not require that the Petitioner show that he should prevail on the merits," the petitioner must nonetheless "demonstrate that the issues are debatable among jurists of reason; that a Court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 890, 893 (1983). See Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1069-73 (6th Cir. 1997)(holding that district courts should apply the standards set forth in Barefoot when determining whether to issue a certificate of appealability).

In this case, Petitioner presents clearly unexhausted claims that would interfere with an ongoing state criminal proceeding. Petitioner cannot present on appeal a question of some substance about which reasonable jurists could differ. The Court, therefore, declines to issue a certificate of appealability.

The Court must also decide whether Petitioner is entitled to proceed in forma pauperis on appeal. The Sixth Circuit has

7

concluded that the various filing fee requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, but it has not resolved in a published opinion whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. U.S., No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2254 or § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. P. 24. Fed. R. App. P. 24(a)(3) provides that a party who was permitted to proceed in forma pauperis in the district court may

8

proceed on appeal in forma pauperis unless the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis. In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[2]

IT IS SO ORDERED this 24th day of August, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. See Fed. R. App. P. 24(a)(5).